# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Case Number |
| ) | 06-00257-01-CR-W-SOW |
| Don L. Elbert, ) | |
| ) | |
| Defendant. ) | |

## Report and Recommendation

Before the Court is a motion to dismiss the underlying INDICTMENT [Doc. 1] filed by defendant Don L. Elbert ("Elbert") [Doc. 21].[1] Specifically, Elbert argues that Counts One, Two and Three of the SUPERSEDING INDICTMENT are subject to dismissal because they fail to inform Elbert of how any actions he undertook impacted interstate commerce and Counts One, Two and Three of the SUPERSEDING INDICTMENT fail to state the names and dates of birth of the alleged crime victims. Having considered the briefing from both parties, for the reasons set out herein, the Court recommends that the motion to dismiss be denied.

The basic underlying facts do not appear to be in serious dispute. On September 13, 2006, the Grand Jury returned a SUPERSEDING INDICTMENT charging that Elbert:

> knowingly recruited, enticed, transported, provided, and obtained a person who had not attained the age of 18 years, and benefitted financially and by receiving something of value from participation in a venture which engaged in an act that recruited, enticed, transported, provided, and obtained a person who had not attained the age of 18 years, and knew that the person would be caused to engage in a commercial sex act, and such acts affected interstate commerce.

The SUPERSEDING INDICTMENT further charged that such conduct violated 18 U.S.C. §1591.

---

[1] After the original three-count INDICTMENT was handed down and after Elbert filed his motion to dismiss, a six-count SUPERSEDING INDICTMENT [Doc. 30] was returned against Elbert and a co-defendant. The first three counts against Elbert remained the same as in the original INDICTMENT, with the three new counts only addressing the co-defendant. As such, the Court will treat Elbert's motion as seeking a dismissal of Counts One through Three of the SUPERCEDING INDICTMENT.

It is well settled that "[t]o be sufficient, an indictment must 'contain[ ] the elements of the offense charged.'" *United States v. Olson*, 262 F.3d 795, 799 (8th Cir.2001) (*quoting Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, ---- (1974)). Although the indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense," FED. R. CRIM. P. 7(c)(1), it "need not be perfect, and common sense and reason prevail over technicalities." *United States v. Allen*, 357 F.3d 745, 749 (8th Cir. 2004) (*quoting United States v. Sabbeth*, 262 F.3d 207, 218 (2nd Cir.2001)).

> An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution. An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted.

*United States v. Carter*, 270 F.3d 731, 736 (8th Cir. 2001).

An indictment is sufficient when it contains all of the essential elements of the offense charged, advises the defendant of the elements of the offense, apprises him of the charges, and allows him to plead a conviction or acquittal as an impediment to subsequent prosecutions. *United States v. Hernandez*, 299 F.3d 984, 992 (8th Cir. 2002). It is generally sufficient that the indictment sets forth the offense in the words of the statute itself, so long as those words fully, directly, and expressly, without uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished. *Hamling v. United States*, 418 U.S. at 117; *United States v. McKnight*, 799 F.2d 443, 445 (8th Cir. 1986); *United States v. Opsta*, 659 F.2d 848, 850 (8th Cir. 1981). However, the indictment does not necessarily have to follow the exact wording of the statute. *United States v. Ivers*, 512 F. 2d at 123.

Counts One, Two, and Three clearly track the language of 18 U.S.C. §1591, expressly identifying: (1) with sufficient specificity, the date of the offense [on or about May 10, 2006]; (2) the substantive offense [sex trafficking of a person under the age of 18]; (3) the locale of the offense [in the Western District of Missouri and elsewhere]; (4) the individuals allegedly

2

involved [Elbert]; and contains proper references to 18 U.S.C. §1591, the substantive statute Elbert is charged with violating. As a result, the Court concludes that it is abundantly apparent that Elbert is on clear notice he is charged with sex trafficking of a child, illegal under 18 U.S.C. §1591 and Elbert thus may plead a conviction or acquittal as an impediment to subsequent prosecutions.[2]

In reaching this conclusion, the Court specifically rejects Elbert's contention that the indictment is defective in only "generically" charging that his conduct affected interstate commerce without describing such impact in detail. As previously noted, the indictment charged interstate commerce effect in the language of the statute itself, a practice which generally guarantees sufficiency if all required elements are included in the statutory language. However, it is also a long-established principle that where a statutory definition contains generic terms, an indictment may not simply recite the generic terms but "must state the specifics, it must descend to particulars." *United States v. Cruikshank*, 92 U.S. 542, 558, 23 L.Ed. 588 (1875). The issue, then, is whether the *Cruikshank* rule applies to the phrase "affected interstate commerce" as used in 18 U.S.C. § 1591.

The Court concludes that this phrase, common in innumerable federal statutes, need not be further specified in the indictment.[3] *See*, *e.g.*, *United States v. Williams*, 679 F.2d 504, 508-09 (5th Cir. 1982) (an indictment for extortion under the Hobbs Act may allege interstate commerce effects in merely conclusory terms); *United States v. Diecidue*, 603 F.2d 535, 547-48 (5th Cir. 1979) (an indictment for a RICO violation may allege interstate commerce effects in merely conclusory terms). *Compare United States v. Lucas*, 932 F.2d 1210, 1218 (8th Cir. 1991)

---

[2] Further, the Court notes that this is an "open file" case. Consequently, Elbert reasonably cannot be said to be unaware of the nature of the charge against which he must defend, the identity of the victims, and the full extent of the government's case against him.

[3] To be clear, the Court is not suggesting that the government need not prove an effect on interstate commerce at trial. If the government fails to offer such proof at trial, then Elbert could argue that the proof was not sufficient to sustain a conviction under 18 U.S.C. § 1591. The Court's discussion herein is confined only to the adequacy of the indictment.

3

(rejecting the defendant's argument that an indictment was defective because it alleged the specific affect on interstate commerce but did not use the phrase "affect on interstate commerce"); *Carbo v. United States*, 314 F.2d 718, 732-33 (9th Cir. 1963) (where indictment charges Hobbs Act conspiracies to commit extortion and to transmit threats by interstate communications, manner in which interstate commerce to be affected need not be alleged).. As noted by the *Diecidue* court:

> In this indictment, an explicit discussion of the enterprise's effect on interstate commerce would contribute virtually nothing to defendants' understanding of the nature of the offenses charged which were conducting an enterprise's affairs through racketeering activity and conspiracy to do the same. This is not a case where the element alleged in nonspecific terms, effect on interstate commerce, might encompass conduct which would not come within the statute's reach.

*Diecidue*, 603 F.2d at 547.

In addition, the Court likewise rejects the argument advanced by Elbert that the indictment in this case is defective in failing to identify the underage crime victims by either name, date of birth, or other specific identifying information. The information that Elbert wishes to have included is prohibited by federal statute. 8 U.S.C. § 3509(d)(1)(A)(i). That enactment, entitled "Child Victims' and Child Witnesses' Rights," mandates that no person[4] shall "disclose the name or any other information concerning a child" except in limited circumstances. The Court does not find that disclosure of identifying information regarding the alleged underage crime victims (other than the assertion that they are under the age of 18) is necessary to sufficiently charge a crime under 18 U.S.C. 1591.[5]

---

[4] The statute specifically includes "all employees of the Government connected with the case, including employees of the Department of Justice" and "employees of the court." 18 U.S.C. § 3509(d)(1)(B)(i), (ii).

[5] Again the Court's analysis is limited to the sufficiency of the language of the indictment and not to the requirements of proof at trial or the requirements of the Confrontations Clause of the United States Constitution. Moreover, as noted previously, this is an "open file case" and 18 U.S.C. § 3509(d)(4) specifically provides that identifying information regarding a child crime victim may be disclosed to "the defendant [or] the attorney for the defendant." Elbert is thus afforded an adequate opportunity to prepare his case.

4

Finally, although not explicitly requested by Elbert, the Court will also consider his motion to dismiss as a request for a bill of particulars. A bill of particulars has three functions: (1) to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, (2) to minimize the danger of surprise at trial, and (3) to enable a defendant to plead his acquittal or conviction in bar of prosecution for the same offense when the indictment itself is too vague or indefinite for such purposes. *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979). However, a motion for a bill of particulars is not to be used for discovery purposes. *United States v. Hill*, 589 F.2d 1344, 1352 (8th Cir. 1979). Likewise, it is not a function of a bill of particulars to require the Government to explain its legal theories of the case. *United States v. Gabriel*, 715 F.2d 1447, 1449 (10th Cir. 1983). The denial of a motion for a bill of particulars is within the discretion of the district court. *Giese*, 597 F.2d at 1180. In this case, the indictment and the "open file" discovery provided to Elbert sufficiently inform him of the nature of the charge against him so as to allow him to prepare for trial, and will enable him to plead his acquittal or conviction in bar of potential subsequent prosecution for the same offense.

Therefore, it is

**RECOMMENDED** that the Court, after an independent review of the record and applicable law, enter an order **DENYING** MOTION TO DISMISS INDICTMENT FOR BEING FATALLY INSUFFICIENT, filed August 16, 2006 [Doc. #21].

Counsel are advised that, pursuant to 28 U.S.C. § 636(b)(1), each has ten days from the date of receipt of a copy of this report and recommendation to file and serve specific objections to the same, unless an extension of time for good cause is obtained.

*/s/ John T. Maughmer*
**John T. Maughmer**
**United States Magistrate Judge**