IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-00257-01-CR-W-ODS |
| ) | |
| DON L. ELBERT II, ) | |
| ) | |
| Defendant. ) | |

### ORDER OVERRULING DEFENDANT'S OBJECTIONS, ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, AND DENYING DEFENDANT'S MOTION TO DISMISS THE SUPERSEDING INDICTMENT

On December 28, 2006, the Honorable John T. Maughmer, United States Magistrate Judge for this District, issued his Report and Recommendation (the "Report") recommending Defendant's Motion to Dismiss the Superseding Indictment be denied. Defendant filed timely objections; the Government has not responded and the time for doing so has not passed, but the trial's proximity examination of the issues at this juncture. The Record persuades the Court that the Report's conclusions and resulting recommendation are correct; therefore, the Court can issue a ruling without waiting for a response from the Government.

Defendant contends the Superseding Indictment fails to allege the essential elements of the crimes with which he is charged. Specifically, he faults the Superseding Indictment for failing to state the names or birth dates of the victims and for failing to sufficiently set forth the effect his crimes had on interstate commerce. The Court overrules Defendant's objections and adopts the Report as the Order of the Court. In so doing, the Court adds the following observations to what has already been stated in the Report.

First, the statute in question describes the victim as a "person [who] has not attained the age of 18 years . . . ." 18 U.S.C. § 1591(a). The statute does not specify a particular age for the victim; it only requires that the age – whatever it is – be under eighteen. As noted in the Report, the Superseding Indictment alleges Defendant's

victim "had not attained the age of 18 years," and thus sufficiently alleges this essential element of the crime. Second, the statute contains no element that requires the Superseding Indictment to provide identifying information about the child-victim. Both of these facts may constitute proof of the crime's elements, but they are not elements of the crime. Third, the cases upon which Defendant relies do not require specification of the crime's nexus to interstate commerce in the indictment; the cases cited discuss the constitutionality of the statute and the evidence that must be presented at trial.

For these reasons, the Report is adopted as the Order of the Court and Defendant's Motion to Dismiss is denied.

IT IS SO ORDERED.

DATE: January 9, 2007

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT

2